UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **HERBERT FINGER III, on behalf of himself and others similarly situated** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 5:26-cv-00011** |
| **v.** | ) | |
| **KROEHLER FURNITURE MFG., CO., INC.,** | ) | |
| **Defendant.** | ) | |

## CLASS ACTION COMPLAINT

Herbert Finger III ("Plaintiff"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Kroehler Furniture Mfg., Co., Inc. ("Defendant"), by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act"), by the Plaintiff, individually and on behalf of those similarly situated former employees as defined herein, against Defendant, his employer, for WARN Act purposes.

2. Defendant is a North Carolina Limited Liability Company with a principal place of business located at 4300 E Fifth Ave, Columbus, Ohio 43219-1816.

3. Defendant's registered agent is Corporation Service Company and is located at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina, 27608.

4. Upon information and belief, Defendant abruptly terminated at least 175, and likely over 200, employees including Plaintiff, unilaterally and without proper notice to employees or staff.

5. Plaintiff was terminated from a worksite located in Conover, North Carolina and operated by Defendant, on or around December 31, 2025, as part of a mass layoff and/or plant closing without proper notice.

6. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable mass lay off or plant closing ordered by Defendant on or around December 31, 2025 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

7. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

8. Defendant did not provide proper WARN Act Notice, 60 days in advance, as required by 29 U.S.C. §§ 2101 et seq. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed at the Facility and/or conduct a plant closing.

9. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

10. By failing to provide its affected employees who were temporarily or permanently terminated on or around December 31, 2025, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis that its actions were not in violation of the WARN Act.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

13. At all relevant times, Plaintiff was and is a member of the Class (as defined below).

14. Plaintiff Herbert Finger III is a resident of Lincolnton, North Carolina.

15. Plaintiff was employed, full time, by Defendant for over 6 months at the time of termination.

16. Plaintiff worked at Defendant's facility in Conover, North Carolina and he is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7) as he was terminated without cause due to a plant closing and/or mass layoff conducted by Defendant and did not receive 60 days' notice of termination.

17. Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the facility in Conover, North Carolina (located in Catawba County) where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

18. Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 300 employees and 33% of the workforce.

## FACTS

19. On or about December 26, 2025, Defendant informed Plaintiff via a meeting that he was being terminated on December 31, 2025.

20. On or about December 29, 2025, Defendant information Plaintiff via letter that he would be terminated as of December 31, 2025.

21. Defendant did not provide any justification in the letter for the failure to provide proper WARN Act Notice.

22. Defendant did not provide proper WARN Act Notice, 60 days in advance, as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed.

23. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

24. By failing to provide its affected employees who were temporarily or permanently terminated on or around December 31, 2025, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> **All employees of Defendant who were terminated pursuant to a mass layoff and/or plant closing (as those terms are defined in the WARN Act) on December 31, 2025, and within 90 days of December 31, 2025.**

26. Class action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's class action requisites can be satisfied. For example:

a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class and bring claims typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

27. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

28. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

29. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual

class members, and because a class action is superior to other available methods for the fair and efficient adjudication for this litigation.

**<u>COUNT I</u>**

**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**(WARN Act)**
**(*On behalf of Plaintiff and the putative class*)**

30. Plaintiff realleges and incorporates all preceding paragraphs as if set forth in full here.

31. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

32. Plaintiff and the putative class were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

33. The December 31, 2025, terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of and at least 50 employees. The ongoing terminations, occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

34. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

35. On information and belief, Defendant did not give 60 days' written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to

represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give proper written notice to the North Carolina Department of Commerce, or to the chief elected official of the local government within which the mass layoff was ordered.

36. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about December 31, 2025.

37. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

38. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(5).

39. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and counsel of record as Class Counsel.

2. A declaration that Defendant violated the WARN Act;

3. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff

and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Respectfully submitted, this 16th day of January, 2026.

*\/s/ Matthew E. Lee*
Matthew E. Lee, N.C. Bar No. 35405
Jeremy R. Williams, N.C. Bar No. 48162
Katharine Batchelor, N.C. Bar No. 58261
**LEE SEGUI PLLC**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 855-496-7500
mlee@leesegui.com
jwilliams@leesegui.com
kbatchelor@leesegui.com

J. Gerard Stranch, IV (TN BPR #23045)*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801

Facsimile: 615/255-5419
gstranch@stranchlaw.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

**pro hac vice forthcoming*

*ATTORNEYS FOR PLAINTIFF AND PROPOSED CLASS*